UNITED STATES DISTRICT COURT FOR THE
Southern District of New York

EQUARN WHITE
                    Plaintiff,

            V.

Correctional Sergeant, Michael F. Mazyglod

Correctional officer, christopher Dillion

correctional officer, James Lawyer

correctional officer, Barry A Stevens

correctional officer, James A Tikka

correctional officer, Sarah L. Tompkins

Correctional officer, Glenn J. Trombly

clinical Physician, Robert V. Bentivegna

Commissioner's hearing officer, Eric Gutwein

  Judge, Reinaldo Rivera

  Judge, Mark C. Dillon

Second department Appellate Division clerk, Aprilanne Agostino

Sued in their individual and official capacities    Defendants

1* AMENDED
Civil Rights
Complaint Pursaunt
to 42 u.s 1983
(Pro-Se Prisioner)
Docket No* 18cv8758
DJ; N.R
MJ: J.M
Jury Trail
Demanded

## 1.)        JURISICTION

2.) This is a civil Rights complaint Pursaunt to the constitution
   of the United States. This action is brought Pursaunt 1983 [42 u.s.c]
   the court have Jurisdiction over this action Pursaunt to 28 u.s.c
   1331,1343 (3),(4) and 2201

3.) Venue properly lies in the District pursaunt to 28 u.s.c
   Section 1391 (b)(2)  because  the events giving rise to this action

<u>Defendant Information</u>

3B) Defendant No. 1: Michael F. Mrzygold

Job Title: Correctional Sergent

Defendant No 2: Christopher Dillion

Job Title Correctional officer

Defendant No 3: James Lawyer

Job Title: Correctional officer

Defendant No 4: Barry A. Stevens

Job Title Correctional officer

Defendant No 5: James Titka

Job Title: Correctional officer

Defendant No 6: Sarah L. Tompkins

Job Title: Correctional officer

Defendant No 7: Glenn J. Trombly

Job Title: Correctional officer

Defendant No 8: Robert V. BentiVegna

Job Title: Clinical Physician

Defendant No 9: Eric Gutwein

Job Title: Commissioner Hearing officer

Address Work of All Defendants Above 1,
2,3,4, 5, 6, 7, 8, 9 is Greenhaven Correctional
Facility P.O Box 4000, Stormville, N.y. 12582

Defendant No 10: Reinaldo Rivera

Job Title: Judge

Defendant No 11: Mark C. Dillion

Job Title: Judge

Defendant No 12: Apprilanne Agostino

Job Title: Court clerk.

Work address of Defendants
10, 11, and 12, APPellate Division
Supreme court of the state
of New York Second
Judicial Department
45 Monroe Place
Brooklyn, N.Y 11201

mostly occured at Green Haven Correctional Institution, P.o Box 4000, Stormville, New York 12582, which is located within the Southern District of New York.

4.) LEGAL BASIS FOR CLAIM: challenging the violation of my federal constitutional rights.

5.) Plaintiff INFORMATION: [Frist Name] EQUARN [Middle initial] U [Last name] WHITE, EQUARN WHITE, only other name Plaintiff ever used. The Department of corrections and community Supervision (herein after Doccs) is the only agency Plaintiff been in, and the Plaintiff Din number is 08A2234. [Current Place of Detention] Attica, Correctional Facility [Institutional Address] Box 149, 639 exchange street. [City] Attica, [State] N.Y [Zip code] 14011

6.) PRisoner STATUS: convicted and sentenced State Prisoner.

7.)                    Previous LAW Suits
   A.) Plaintiff has filed other lawsuits dealing with the same facts involved in this action and otherwise, relating to his imprison-ment.

   B.) Plaintiff Equarn White (Pro-se) Docket No. 13-CV-1427

Defendant, Steven E. Racette, Date Filed 12/4/12, Habeas corpus, Eastern District, Judge Ross, outcome 9/13/13, habeas relife denied, and appeal.

C.) Plaintiff Equarn white, Docket No. 13-3994, Defendant Steven E. Racette, Date 10/13/14, filed court of Appeal Judges Dennies, Jacobs, Peter hall, and Gerard, out come of case granting certificate of appealibility (C.O.A done pro-Se, court appointed a lawyer after granting C.O.A) Then 5/6/15 Affirmed the district court order.

D) Plaintiff Equarn white, Docket No. 15M56, Defendant Steven Racette, Supreme court united states, Date filed, 10/6/15, out come of the case, writ of certiorari denied for out of time.

E.) Plaintiff Equarn white, Index No. 406/2016, Defendant Anthony Annucci, 2/26/16 Artical 78 filed, denied all state Remides from Dutchess county Supreme court, Appellate Division 2nd department, and Court of Appeals (Albany) Denied poor person 1102.

1.)    Plaintiff Equarn white, Index No. 18-CV-5955, Defendant Joseph N.orth Eastern District, Judge Dcurcy Hall, case still pending. Paragraph 7 (E)(1) of this instant amended complaint is an related matter.

F.) Plaintiff Equarn White Index No. 6326-16, R.J.I No-01-16-ST8340 Artical 78, Defendant

ANThony ANNucci Date filed 10/31/16 case Appeal Still pending

G.) Plaintiff Equarn white  INdex No. 1397-17 Defendant: ANThony ANNucci Date filed 2/9/17 Artical 78 outcome denied.

H). Plaintiff Equarn white, Index No. 17-044, RJI # 09-1-2017 Defendant ANThony ANNucci, Artical 78, out come rehearing then expungment.

I.) Plaintiff Equarn white  INdex No# 00-955-18, Defendant Anthony ANNucci, Artical 78, Albany county supreme court, transfered 3rd Dept. Still pending. 1/28/18

J.) Plaintiff Equarn white, claim No. 130662, ori, No. NY0018085, Defendant State of New York, Dated filed 11/20/17, claim for Damages, New york State court of claims, Still pending.

K.) Plaintiff Equarn white  INdex No. 4356-18, Defendant Anthony ANNucci Date filed 6/30/18, Albany county supreme court case Still pending

L.) Plaintiff Equarn white Index No. 7717-18 Defendant ANThony ANNucci Dated filed 12/12/18, Albany county supreme court. case still Pending

M.) Plaintiff Equarn white, Docket No. 9:17-cv-1094 Date filed 9/24/17 Defendant(s) John Marinelli, et al, united States District court Northern

District of New York case still pending. All Previous Law suits in Paragraph 7. (A) to (M). (Pro Se) Paragraph 7 (c) lawyer was giving after C.O.A.

## STATEMENT OF Facts

8. On 9/22/15 around 6:30 P.M at GreenHaven Correctional Facility, 12 building, upon trying to enter the General library. Plaintiff had an dispute with correctional officer [hereinafter c.o] 9. Tompkins about his locking location.

9.) Plaintiff was moved to H block, that day from G-block, and even though his locking location was different, his name was the same, which c.o Tompkins was familiar with. [This defendant has been pulling the Plaintiff to the side for 9 months since 12/14/14, when she first seen him. Making inappropriate comments and harassing the Plaintiff.] After being harass by this defendant for months, Plaintiff became angry and used profanity. When this defendant refused to let Plaintiff enter the Library. C.O Tompkins call up to the front of building 12 desk, and said she had an problem with the Plaintiff. And told the Plaintiff he was going back to 'H' block.

10.) c.o Tompkins keep the Plaintiff to the side as usual and let the other inmates enter the library. C.O Tompkins was then relieved by another c.o. She then escorted Plaintiff alone to an vacant class room 225 feet away. And she went to the front desk, with c.o James Titka.

11.) After being in the vacant class room for about 30 minutes, Sergent Michael F. Mrzygold arrived with co's christopher Dillion, James Lawyer, Barry a. Stevens, Glenn J Tronbly, and co Titka came from the desk and they all entered the class room. Co Tompkins didnt enter the class room with the other six defendants she was dust watching through the class room window.

12.) Defendant Mrzygold order the Plaintiff into a pat frisk position, which the Plaintiff complied. He told the Plaintiff he called the watch commander and found out for his reasons the Plaintiff was lock up for assault 1', not rape as he thought. He left the room again to check the Plaintiff disciplinary record. Co Stevens said the Plaintiff is getting an assault on staff tonight, all while the Plaintiff remain on the wall in the pat frisk position.

13.) Defendant Mrzygold shortly entered the class room again. While the plaintiff remain in the pat frisk position, and the other 5 co's was behind the Plaintiff surounding him. While co Tompkins remained outside the class room still watching. Defendant Mrzygold then stated" You got no prior assaults on staff" but' plaintiff had lewd conduct tickets and ask what that is about. Plaintiff said this got nothing to do with this. Mrzygold said your getting another one and your getting an assault on staff.

14.) After all the above Mrzygold order co Dillion to

attack the Plaintiff. Which c.o Dillion grab the Plaintiff from behind in some type of body hold and slam the Plaintiff on the floor. c.o's Lawyer, Stevens, Titka, and Trombly begin assaulting the Plaintiff hitting him all over. Then c.o Dillion kick plaintiff in the face while on the ground

15.)   c.o's Lawyer and Steven grab the Plaintiff right leg. while c.o's lawyer and Trombly grab his left leg. All 4 c.o's pull the plaintiff leg apart while c.o Dillion VICIOUSly kick and stomp the Plaintiff in his testicals. Plaintiff ball up in the fetal position when the stomping stop. Then c.o stevens grab the Plaintiff right ankle and begin to strike the plaintiff 'repeatedly in the bottom of his foot with a baton. [one of Plaintiff sneakers came off during the attack.]

16.) Defendants Dillion, stevens, Lawyer, Titka, Trombly, and Mr zy gold was calling the Plaintiff niggers during the assault. All mention defendants then lifted Plaintiff to his feet. Then defendant Mr zy gold immediately begin to tell all c.o's what to say in their reports. For example; " He [Plaintiff] hit you in the head, you did this such and such did this.etc. And once the Plaintiff was handcuffed, Mr zy-gold tried to knee plaintiff in his face by jumping up twice; calling Plaintiff niggers.

17.) As plaintiff was getting drag to S.H.U co Dillion punch

Plaintiff on the right side of his face twice, while Plaintiff was in hand cuffs.

18.) During the attack co Tompkins Just watch, and didn't try to stop it.

19.)   Stevens and Lawyer, and Mrzygold drag the Plaintiff the rest of the way to S.H.u, Defendant Mrzygold alerted other defendants they were now in the presence of Video footage.

## INJURIES:

20.) After pictures of some of the Plaintiff injuries, the plaintiff collapsed. S.H.u co's tried to get the plaintiff to get up and walk to S.H.u 12 cell. After an hour of attempting to get the Plaintiff to walk unsuccessfully, the co's became to realize the plaintiff was seriously injuried, with unbearable pain. And being they didn't wont to drag the plaintiff to his cell, so they obtian an wheelchair from the hospital. And they then push the plaintiff to his cell [12] and roll him on his bed.

21.) Later that night the Plaintiff crawled out of his bed and begin to urinate, his urine was blood red. Plaintiff testicles were swollen, a couple of times thier normal size. The bottom of his right foot where he was beat with the baton was severely swollen. And his face was swollen from being

Punch and kick in it And Plaintiff kidneys was hurt from getting Punch and kick.

22. On 9/23/15 Plaintiff was prescribe an wheelchair for a couple of weeks an his pain meds for an prior shoulder injury was increase to it maxium dosyge, but didnt work much.

23. On or about 9/24/15 plaintiff was giving false disciplinary tickets, Lewd conduct wrote by S Tompkins two assaults on staff by cos Dillion and Trombly.

24. On 10/1/15 Eric Gutwine conducted the hearing Plaintiff Pled not guilty to all charges, at no time prior to or during the superintendent hearing was Plaintiff afforded the following rights:

A) A Prempt hearing to be completed within 14 days with proper extension granted, at adjournments wasnt odinarily made aware of delays or if they was authorized by the commissioner, where plaintiff was confined 77 days before he was found guilty, and after the hearing found out the H.O had 8 invalid extensions, that was obtian days after the first extensions had expired.

B. Plaintiff was denied his right to call witnesses Plaintiff requested: to call inmate Elliot myles, and spidvey who both was relevant witnesses. A Physical Therapy Physician about the strength, mobility and restrictions of Plaintiff Left arm the time and date of the assault. And a witness who testified said

the Therapy Physician will no that information. To call employee assistant about not interviewing Plaintiff witnesses, and not providing documentary evidence

c.) Plaintiff requested c'os Liawyer, and Stevens because some officers said they were not there at all, or both of them were there or one of them came when the assault took place. As these witnesses was relevant as non of the officers who testified could explain how the bottom of Plaintiff foot was injuried to the point he was in a wheel chair for weeks.

D.) To recall c.o Trombly to find out how he was able to write an U.F and misbehavior report sign on both. Then endorse another one which he sign and also printed his name. And remain on duty all on the same night he alleged he was viciously bittin on his finger by the Plaintiff. Plaintiff wanted to know what type of medical treatment he received, tetanus shots etc Because he never mention what type of medical treatment he received, and no medical records was produce, And plaintiff wanted to question him about log books he received after he testified. And to recall c.o Tompkins because he wasnt ready, the Plaintiff received log book entries after both c.os testified.

E.) Plaintiff was also denied documentary evidence : Plaintiff was denied, but requested documentary evidence of video

footage of a captian, who investigated the incident telling Plaintiff CD Trombly who claim to be bittin by the plaintiff was scratch on his finger. Medical records were requested, unredacted use of force forms, Phone call records and computer records from around the time plaintiff was assaulted to show his criminal and disciplinary record was discuss before the assault, log book notes, whole building 12 call out for potential witnesses.

25. At the time of the above mention request H.O Gutwein didnt outright deny witnesses and documents Just wrote them down, and gave Plaintiff the impression Request would be afforded. Then 12/9/15 Gutwein unexpectedly ended the hearing and denied All above mention request. Didnt provide proper Forms for why inmates was denied. etc

26.) Plaintiff objected to not being prepared because improper assistant. H.O Gutwein ignored the objection and proceded with hearing. And provided some documents after cos testified. H.O Talk to Plaintiff off record, stated " why would they say it [cos] if it wasnt true." [Plaintiff have the video footage of off record conversation. 12/9/15 Plaintiff tried to object to the off record conversation, Gutwein figured out what Plaintiff was up to and unexpectedly ended the hearing. Plaintiff was found guilty and giving 365 days S.H.U one year lost of good time was imposed. The penalty was Modified to 270 days 1 year lost of good time on administrative appeal 1/29/16 see Exhibit "A" and, Iask that his time be (Tolled) for him

Exhausting his administrative remidies [concerning the 12/9/15] hearing which is an sufficient meritorious tolling **argument**, the Plaintiff has stated.

27.) On August 2, 2016 Hon Maria Rosa dismissed Plaintiff petition Artical 78, and stated in sum" His [Gutwein]... determination was base on him crediting testimony of correction officers." etc. And that ".. A majority of the evidence ... denied ... could have demonstrated potential bias of [cos]....." etc [Dutchess county]

28.) On August 24, 2016, Plaintiff submitted an notice of motion to Proceed as an poor person in the Appellate Division second department. 1/18/17 The wavement of the $315.00 filing fee was denied. 2/10/17 Plaintiff submitted a motion for Leave to reargue And submitted lowercourt order granting poor person $15.00. The Court again denied the wavement of the $315 filing fee. Prisoner Legal Services N.y [Plattsburgh] contacted the motion clerk on Plaintiff be half " She could provide no further information or explanation for why your motion was denied..." And that " You may try to seek and submit a motion to pay over time."

29.) On April 14, 2017 or around that time Plaintiff Ask Aprilanne Agostino can the court put on encumberance on his account, and that it is a regular practice of federal courts. April 24, 2017 Aprillanne Agostino [Aprilanne Agostino] April 24, 2017 Responded stating in sum " The court can not

encumber funds as payment of the filing fee..." Shortly after Plaintiff file an motion to Renew and Reargue which stated lower court order 8/11/16 was insufficient and invalid because the lower court had no Jurisdiction or authority to rule on an substantial evidence issue and that case be transfered. And that it seems Plaintiff is being denied the right to Appeal because he is poor. And sent his monthly statements showing he cant pay the $315.00 filing fee. 7/3/2017 the Mortion was denied. Judge, Reinaldo Rivera, and Mark Dillion names wasnevery order to deny poor person. All Plaintiff motions was uncontested. And all, see previous cases, [Section] poor person was granted. On 10/24/17 State court of Appeals denied leave to Appeal.


30.) On 10/14/15 or around that, plaintiff provided an urine sample to P.A Bentivegna because of serious stomach pain and still pissing blood. 10/16/15 he confirm blood was in plaintiff urine, and Just give it time. The test sud nothing was wrong. S.H.u was his steady post 5 days a week. From 9/23/15 until 12/29/15 Plaintiff complain about pain and blood in his urine.


31.) On 2/10/16 At upstate correctional facility, Plaintiff SEEN an diffrent P.A who reviewed his chart from a Green Haven c.F. She Sud Plaintiff had an infection in his Kidneys [From the 9/22/15 attack] and that it was pus mix with the blood in his urine And that

doctors at Greenhaven knew but failed to treat the plaintiff. [Plaintiff requested video footage of this conversation but was told he will have to pay $ 93.46 for an 60.4 D.V.D due to Artical 78 the court order the video footage be provided for 60.4 , However officials at upstate destroyed andordeleted the video footage. The P.A gave the plaintiff antibiotics 2/10/16 for two weeks took another urine test, which the blood, Infection, and pain was gone.

32.) Through the year after the attack the plaintiff still have testicle pain where the whole area will inflamed for weeks at a time causing unbearable pain.

## INJURIES

### Claims For Relife

33) Frist cause of Action count 1°. 42 usc 1983.
   Excessive use of Force Plaintiff V.M.Mrzygold, C.Dillion , J. Lawyer ,B. Stevens , J. TitKA , S. Tompkins ,and G. Trombly, Federal constitutional claim of the 14th 8th Amendment. Paragraph 1 through 32, are incorporated by reference as though fully set forth.

34.) cos Dillion, Lawyer, Stevens, TitKA, and Trombly committed excessive force that was repugnant to the conscience of mankind and acted maliciously and sadistically in order to cause harm to the Plaintiff, when Dillion slam plaintiff on the floor, Punch Plaintiff twice in his face while

in restrants, Kick Plaintiff in the face, viciously Kick and stomp the Plaintiff in his testicles, while other defendent held Plaintiff legs apart.

A.) cos Dillion, Lawyer, Stevens, Trombly, and Titka hit Plaintiff all over his body and his kindeys. Calling him niggers. And held Plaintiff legs apart to get assaulted.

B.) And c.o stevens hit plaintiff, his foot, multiple times with a baton. Plaintiff was in a wheelchair for weeks.

35.) Defendant Mr. Zygold and Tompkins failed to protect the Plaintiff from getting assaulted and Just watech. And Mr. Zygold ordering the attack and trying to participate in the attack calling the Plaintiff niggers. And defendents writting and endorsing false reports.

36.) Defendants Dillion, Mr. Zygold, stevens, Titka, Trombly, and Lawyer violated the Plaintiff 14ᵗʰ Amendment rights to discrimination when one of the reasons for assaulting the plaintiff because he was black. In addition to profanity and Plaintiff disciplinary record. Because the Plaintiff was being called niggers during the assault.

<u>Second cause of Action count #2: 42 U.S.C 1983</u>

37.) Plaintiff v. Eric Gutwein Federal constitutional claim violation of the 14ᵗʰ Amendment. Paragraph 1 through 32) are incorporated by reference though fully set forth

38.) E, Gutwein intentionally denied procedual protections under wolf

to support officers sancations. Plaintiff is not challenging the Validity of the hearing or the loss of 1 year good time. Plaintiff Just challenge how the constitutional procedural rights was Violated in the manner the hearing was conducted which resulted in plaintiff doing 210 days of S.H.U in extreme Isolation confine 23 hours a day no programing and was giving the classifacation as a convicted Sex offender, which was different from inmates in General PiPulation. [ Thus if relife is granted it would not affect Plaintiff time in prision, Just monatory damages] Criminal charges was filed against the plaintiff. This the charges was fabricated for an ulterior motive and once they was ascertained to be fabricated, the criminal charges that had been initiated were drop.

## Third cause of Action Count #3: 42 U.S.C 1983

39) Plaintiff v. Mark Dillion, Reinaldo Rivera, and Aprilanne Agostino Federal constititutional claim Violation of the 14th Amendment " Equal Protection" [ Paragaph 1 through 32, Are incorporated by reference though fully set forth] And his 1st Amendment rights Access to the Courts

40) After consistantly · trying to Appeal the lower court Decision in Dutchess county supreme court, M. Dillion and Reinaldo Rivera on 3 different Occasions Denied the plaintiff poor person relife because the plaintiff is poor, This denying and Preventing Plaintiff from appealing a Meritorious claim, which denied Plaintiff Access to the courts and Violated Equal Protection because law showes thousands of of Inmates poor, was granted

poor person this waiving the $315.00 filing fee, and the actions of Agostino violates Access to the courts and violates the equal protection clause.

### Forth Cause of action count 4; 42 u.s.c 1983
### Medical care denial

41) Plaintiff v. Robert Bentivegna Federal constitutional claim violation of the eighth Amendment Paragraph 1, though 32 \ are incorporated by reference as they are fully set forth.

42) Defendant Robert Bentivegha was deliberate indiffrent to Plaintiff medical needs when he knew Plaintiff had an Kidney infection but fail to give Plaintiff antibiotics or even informed him that he had an infection, where Plaintiff was in pain for six months.

### Exhaustion of Administrative Remidies

43) The Plaintiff have Exhausted his administrative remidies with respect to all claims and all defendants

44) Where Fore, Plaintiff respectfully request a Judgment in his favor against each individaul defendant in the amounts sufficient to compensate for pain suffering, mental anguish, and all other injuries cause by the intentional misconduct by defendants set forth above but not less than the following relife:

A.) Defendant, Michael F. Mrzyglod

- Compensatory: $150,000.
- Punitive: $75,000.

Permanent Injunction: Suspension without Pay for 6 Months. And an retraining, and anger Program before he returns back after Suspension.

B.) Defendant, christopher Dillion

- Compensatory: $250,000.
- Punitive: $125,000.

C.) Defendant, James Lawyer

- Compensatory: $50,000.
- Punitive: $25,000.

D.) Defendant, Barry A. Stevens

- Compensatory: $200,000.
- Punitive: $100,000.

E.) Defendant James A. Titka

- Compensatory: $50,000.
- Punitive: $25,000

F.) Defendant SARAH L. Tompkins

- Compensatory: $75,000.
- Punitive: $35,000.

G.) Defendant Glenn Trombly

- Compensatory: $50,000.
- Punitive: $25,000.

H.) Defendant Robert Bentivegna

- Compensatory: $350,000.
- Punitive: $175,000.

I.) Defendant Eric Gutwein
$150.00 dollars a day for 214 days of S.H.U
- Compensatory: $32,100.
- Punitive: $16,000.
- Permant In Juction: To call witness, Provide Documentary evidence, assistance, And No Predetermination of guilt at hearings.

J.)  Defendents, M. Dillion, A. Rivera, and A. Agostino,
-   Preliminary  and  Permanent  INduction 8:
  1.) To  waive  the  $ 315.00  filing fee  a nd  to  APPeal  his
disciplinary  disposition  From  the  12/9/15  Suparintendant
hearing,  as  a  right.


  2.) And  for  what ever  reason  in  the  future  if  the  court,
APPellate  Division  Second  DePartment  dose  not  wont  to
Waive  the  $ 315.00 filing fee,  that  it  Put  an  encumberant
- ce.  on  a  Inmate  aocount. The  Prision  Litisation
reform  act  reauires  Payment  of  the  full filing  fee  in  all
cases. Even  where  Poor  Person  is  granted, but  allows  for
Such  Payment  to  be  made  over  time. which  is  a  regular
Practice  of  the  Federal  Courts. So  that  the  APPellate
Division  Second  DePartment  wont  Abuse  Its  discretion
  Denying  Access  to  the  court  for  no  Legal  basis,
  but  Just  because  they  can  do  so  [see Exhibit B],
  And  Violating  the  Equal  Protection  clause,
  which  both  Violates  The  1st  and  14th  Amendments
  on  the  constitution.

A.)  So  Let  the  (PLRA)  rules  be  entered  in  the  second  depart-
tment,  in  situations  Like  the  Plaintiff  in  this  instant
complaint, as in these  situations  the  PLRA  would  replace
  CPLR 8022, which (CPLR 8022 i)  do  not finally  determine
  a  Proceeding  within  the  meaning  of  the  Constitution,
  while  the  (PLRA) dose, which  would  grant  access
  to  the  court  for  Prisoners. In addition  when  the
  Court, and  DePartment  inPlements PLRA) in these  situations
that it  give  an  written  explanation  why  It  is  Denying  a
  Motion  for  CPLR 1102, and 1101, And  why  the (PLRA) is
  being  used, in  the  Proceeding.

45.) WHEREFore, EQuARN WHITE prays for a
Judgment in his Favor and Injuctions, damages in his
Favor against all defendants in the amount is sufficient
to compensate him for the pain and Mental anguish
suffered by him, due to the deliberate indifference
and intentional misconduct of defendants, but no
less than $ 1,617,100. Together with his attorney
fees and Cost, and Injuctions, and Such additional
relief as the Court deems Just and proper.

46.) I declare under the penalty of perjury that
the for going is True and correct Dated 1/21/19

Pro Se Plaintiff
EQuarn White
08A2234
Attica C.F
P.o BoX 149
Attica, N.y 14011

Exhibit

"A"

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION    Exhibit A
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050

ANTHONY J. ANNUCCI                          JOSEPH BELLNIER
ACTING COMMISSIONER                         DEPUTY COMMISSIONER
                                            CORRECTIONAL FACILITIES

---

REVIEW OF SUPERINTENDENT'S HEARING    11 A18B

NAME:  WHITE, EQUARN                    NO.  08A2234

HEARING FACILITY:  GREEN HAVEN

ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT

LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF

DECEMBER 9, 2015,   HAS BEEN REVIEWED AND MODIFIED ON JANUARY 26, 2016.

PENALTIES:
270 DAYS SPECIAL HOUSING UNIT
270 DAYS LOSS OF PACKAGES
270 DAYS LOSS OF COMMISSARY
270 DAYS LOSS OF PHONE
12 MONTHS REC'D LOSS OF GOOD TIME

D. VENETTOZZI
DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM

CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES

APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.

Exhibit
"B"



**Appellate Division**
**Supreme Court of the State of New York**
**Second Judicial Department**
**45 Monroe Place**
**Brooklyn, N.Y. 11201**
(718) 875-1300

MEL E. HARRIS
KAREN HOCHBERG TOMMER
MARIA T. FASULO
DEPUTY CLERKS

RANDALL T. ENG
PRESIDING JUSTICE

DARRELL M. JOSEPH
KENNETH BAND
ASSOCIATE DEPUTY CLERKS

APRILANNE AGOSTINO
CLERK OF THE COURT

April 24, 2017

Equarn White
08A2234
Clinton Correctional Facility
P.O. Box 2000
Dannemora, N.Y. 12929

Re: *Matter of White v Annucci*
Appellate Div. Docket No.: 2016-09788

Dear Sir:

In response to your letter dated April 14, 2017, received on April 20, 2017, please be advised that your status as poor person in the lower court does not automatically continue in this Court on your appeal. The clerk of the appellate division is authorized to impose the filing fee upon the perfection of a civil appeal pursuant to CPLR 8022. Any relief to waive that fee must be sought by motion pursuant to CPLR 1101. The decision as to whether or not to grant such relief is in the discretion of the Court. Further, the Court cannot encumber funds as payment of the filing fee.

Please refer to the docket number set forth above in any future correspondence.

Yours truly,

CLERK'S OFFICE

LR/pd